IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Richard Martin Gaines<br>Brenda Yvonne Gaines<br>　　　　　Debtor(s) | CHAPTER 13 |
| PNC BANK NATIONAL ASSOCIATION<br>　　　　　Moving Party<br>vs. | NO. 19-12974 AMC |
| Richard Martin Gaines<br>Brenda Yvonne Gaines<br>　　　　　Debtor(s) | 11 U.S.C. Section 362 |
| Kenneth E. West<br>　　　　　Trustee | |

**STIPULATION**

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. As of January 14, 2025, the post-petition arrearage on the mortgage held by Movant on Debtors' residence is **$3,182.30**. Post-petition funds received after January 14, 2025, will be applied per the terms of this Stipulation as outlined herein. The arrearage is itemized as follows:

| | |
|---|---|
| Post-Petition Payments: | September 2024 through January 2025 at $666.41 each |
| Suspense Balance: | ($149.75) |
| **Total Post-Petition Arrears:** | **$3,182.30** |

2. The Debtors shall cure said arrearages in the following manner:

a). Beginning **February 2025** and continuing through **June 2025**, until the arrearages are cured, Debtors shall pay the present regular monthly mortgage payment of **$666.41** (or as adjusted pursuant to the terms of the mortgage) on or before the first (1st) day of each month (with late charges being assessed after the 15th of the month), plus an installment payment of **$530.39** towards the arrearages on or before the last day of each month, with a final installment payment of **$530.35** due **July 2025**, at the address below:

PNC Bank National Association
Attn: Payment Services
3232 Newmark Drive
Miamisburg, OH 45342

b). Maintenance of current monthly mortgage payments to Movant thereafter.

3. Should Debtors provide sufficient proof of payments made, but not credited (front & back copies of cancelled checks and/or money orders), Movant shall adjust the account accordingly.

4. In the event the payments under Section 2 above are not tendered pursuant to the terms of this stipulation, Movant shall notify Debtors and Debtors' attorney of the default in writing and the Debtors may cure said default within FIFTEEN (15) days of the date of said notice. If Debtors should fail to cure the default within fifteen (15) days, Movant may file a Certification of Default with the Court and the Court shall enter an Order granting Movant relief from the automatic stay and waiving the stay provided by Bankruptcy Rule 4001(a)(3).

5. If the case is converted to Chapter 7, Movant shall file a Certification of Default with the court and the court shall enter an order granting Movant relief from the automatic stay.

6. If the instant bankruptcy is terminated by dismissal, this agreement shall be null and void, and is not binding upon the parties.

7. The terms of this stipulation shall survive the discharge. The arrears outlined in this stipulation shall not be subject to the discharge. In the event of a default under the terms of this stipulation after the discharge and closing of this case, Movant may exercise its remedies under state law, the note, and the mortgage.

8. The provisions of this stipulation do not constitute a waiver by Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

9. The parties agree that a facsimile signature shall be considered an original signature.

Date: January 16, 2025            /s/ Denise Carlon
                                  Denise Carlon, Esq.
                                  Attorney for Movant

Date: February 5, 2025            /s/ Michelle Lee
                                  Michelle Lee, Esq.
                                  Attorney for Debtors

                                  No Objection

Date: February 8, 2025            /s/ LeeAne O. Huggins
                                  Kenneth E. West
                                  Chapter 13 Trustee

Approved by the Court this _____ day of _____, 2025.  However, the court retains discretion regarding entry of any further order.

                                                            _____
                                                            Bankruptcy Judge
                                                            Ashely M. Chan