United States Bankruptcy Court

Eastern District of Pennsylvania

| | |
|---|---|
| In re: | Case No. 19-12974-amc |
| Richard Martin Gaines | Chapter 13 |
| Brenda Yvonne Gaines | |
|     Debtors | |

# CERTIFICATE OF NOTICE

District/off: 0313-2                                  User: admin                                  Page 1 of 2
Date Rcvd: Feb 20, 2025                          Form ID: pdf900                          Total Noticed: 2

The following symbols are used throughout this certificate:
**Symbol        Definition**

\+                  Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

\#                  Addresses marked '#' were identified by the USPS National Change of Address system as requiring an update. While the notice was still deliverable, the notice recipient was advised to update its address with the court immediately.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Feb 22, 2025:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db | #+ | Richard Martin Gaines, 1500 Orland Street, Philadelphia, PA 19126-2754 |
| jdb | #+ | Brenda Yvonne Gaines, 1500 Orland Street, Philadelphia, PA 19126-2754 |

TOTAL: 2

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

## BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

## NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Feb 22, 2025                            Signature:          /s/Gustava Winters

---

## CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on February 20, 2025 at the address(es) listed below:**

| Name | Email Address |
|---|---|
| DENISE ELIZABETH CARLON | on behalf of Creditor PNC BANK NATIONAL ASSOCIATION bkgroup@kmllawgroup.com |
| KENNETH E. WEST | ecfemails@ph13trustee.com philaecf@gmail.com |
| KEVIN G. MCDONALD | on behalf of Creditor PNC BANK NATIONAL ASSOCIATION bkgroup@kmllawgroup.com |
| MICHELLE LEE | on behalf of Joint Debtor Brenda Yvonne Gaines bky@dilworthlaw.com |

District/off: 0313-2     User: admin     Page 2 of 2
Date Rcvd: Feb 20, 2025     Form ID: pdf900     Total Noticed: 2

MICHELLE LEE
   on behalf of Debtor Richard Martin Gaines bky@dilworthlaw.com

United States Trustee
   USTPRegion03.PH.ECF@usdoj.gov

TOTAL: 6

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| Richard Martin Gaines<br>Brenda Yvonne Gaines<br><br>           Debtor(s) | CHAPTER 13 |
| PNC BANK NATIONAL ASSOCIATION<br>           Moving Party<br>vs. | NO. 19-12974 AMC |
| Richard Martin Gaines<br>Brenda Yvonne Gaines<br>           Debtor(s) | 11 U.S.C. Section 362 |
| Kenneth E. West<br>           Trustee | |

## STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. As of January 14, 2025, the post-petition arrearage on the mortgage held by Movant on Debtors' residence is **$3,182.30**. Post-petition funds received after January 14, 2025, will be applied per the terms of this Stipulation as outlined herein. The arrearage is itemized as follows:

| | |
|---|---|
| Post-Petition Payments: | September 2024 through January 2025 at $666.41 each |
| Suspense Balance: | ($149.75) |
| **Total Post-Petition Arrears:** | **$3,182.30** |

2. The Debtors shall cure said arrearages in the following manner:

a). Beginning **February 2025** and continuing through **June 2025**, until the arrearages are cured, Debtors shall pay the present regular monthly mortgage payment of **$666.41** (or as adjusted pursuant to the terms of the mortgage) on or before the first (1st) day of each month (with late charges being assessed after the 15th of the month), plus an installment payment of **$530.39** towards the arrearages on or before the last day of each month, with a final installment payment of **$530.35** due **July 2025**, at the address below:

> PNC Bank National Association
> Attn: Payment Services
> 3232 Newmark Drive
> Miamisburg, OH 45342

b). Maintenance of current monthly mortgage payments to Movant thereafter.

3. Should Debtors provide sufficient proof of payments made, but not credited (front & back copies of cancelled checks and/or money orders), Movant shall adjust the account accordingly.

4. In the event the payments under Section 2 above are not tendered pursuant to the terms of this stipulation, Movant shall notify Debtors and Debtors' attorney of the default in writing and the Debtors may cure said default within FIFTEEN (15) days of the date of said notice. If Debtors should fail to cure the default within fifteen (15) days, Movant may file a Certification of Default with the Court and the Court shall enter an Order granting Movant relief from the automatic stay and waiving the stay provided by Bankruptcy Rule 4001(a)(3).

5. If the case is converted to Chapter 7, Movant shall file a Certification of Default with the court and the court shall enter an order granting Movant relief from the automatic stay.

6. If the instant bankruptcy is terminated by dismissal, this agreement shall be null and void, and is not binding upon the parties.

7. The terms of this stipulation shall survive the discharge. The arrears outlined in this stipulation shall not be subject to the discharge. In the event of a default under the terms of this stipulation after the discharge and closing of this case, Movant may exercise its remedies under state law, the note, and the mortgage.

8. The provisions of this stipulation do not constitute a waiver by Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

9. The parties agree that a facsimile signature shall be considered an original signature.

Date: January 16, 2025		/s/ Denise Carlon
					Denise Carlon, Esq.
					Attorney for Movant

Date: February 5, 2025		/s/ Michelle Lee
					Michelle Lee, Esq.
					Attorney for Debtors

					No Objection

Date: February 8, 2025		/s/ LeeAne O. Huggins
					Kenneth E. West
					Chapter 13 Trustee

Approved by the Court this __20th__ day of __Feb._____, 2025.  However, the court retains discretion regarding entry of any further order.

_____
Bankruptcy Judge
Ashely M. Chan